UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNAN BONILLA VASQUEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　Respondent. | No. 1:26-cv-01820-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. No. 3) |

　　　　On March 6, 2026, petitioner Jose Hernan Bonilla Vasquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner alleges that upon entry to the United States he was apprehended by Border officials, and was later re-detained on January 17, 2025, without any warning, paperwork, or legitimate reason. (*Id.* at 3.) Petitioner requests that the court order his immediate release and enjoin and restrain respondent from re-detaining him without advance notice. (*Id.* at 4.) Also on March 6, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 3.) The court set a briefing schedule on petitioner's pending motion and ordered respondent to substantively address whether any provision of law or fact in this case would distinguish it from the situations addressed by this court's decisions in

1

*Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) or *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025).  (Doc. No. 6.)

On March 10, 2026, respondent filed an opposition to petitioner's motion for a temporary restraining order and petition for writ of habeas corpus.  (Doc. No. 8.)  Therein, respondent concedes that "there are no significant factual or legal issues in this case that materially distinguish it from this Court's prior Orders in" *Perez* and *Rocha Chavarria*.  (*Id.* at 1.)  In addition, "[r]espondent is further amenable to the Court ruling on the underlying petition for writ of habeas corpus" and "waives any hearing on injunctive relief."  (*Id.*)

Accordingly, pursuant to the court's reasoning as stated in *Perez* and *Rocha Chavarria*, the court will grant the pending petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his latest re-detention;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot in light of this order; and

/////

/////

/////

2. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: __**March 11, 2026**__       *Dale A. Drozd*
                                    DALE A. DROZD
                                    UNITED STATES DISTRICT JUDGE